IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Derrick Seals, | ) | C/A No. 0:25-508-JDA-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden Napier, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Derrick Seals, a self-represented federal inmate, filed this action seeking habeas corpus relief under 28 U.S.C. § 2241.[1]

By order dated February 5, 2025, Petitioner was provided an opportunity to submit the documents necessary to bring the case into proper form for evaluation and possible service of process. (ECF No. 5.) However, Petitioner apparently did not receive the order, as it was returned to the court as undeliverable mail and stamped "Return to sender: Inmate not at this facility." (ECF No. 7.) Petitioner has not provided the court with a new address at which he receives mail, and the record indicates no attempt by Petitioner to contact the court since filing the Petition.

Consequently, this matter should be summarily dismissed for Petitioner's failure to prosecute. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). A court may also *sua sponte* dismiss a case for lack of prosecution under Federal Rule of Civil Procedure 41(b). Id. at 630.

---

[1] This matter is before the assigned magistrate judge pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).

"Given the inherent judicial authority to make such dismissals, a court may, in appropriate circumstances, enter such a dismissal sua sponte, even absent advance notice of 'the possibility of dismissal.' " Attkisson v. Holder, 925 F.3d 606, 625 (4th Cir. 2019) (quoting Link, 370 U.S. at 632-33).

Here, dismissal of Petitioner's action is the only appropriate sanction for Petitioner's failure to prosecute the case because the court has no way to communicate with Petitioner. The court should dismiss the action without prejudice because the court has not authorized the issuance and service of process. Therefore, no parties would be prejudiced if Petitioner refiles the action within the applicable statute of limitations. Accordingly, the court recommends this action be summarily dismissed without prejudice.

_____
March 5, 2025                          Paige J. Gossett
Columbia, South Carolina               UNITED STATES MAGISTRATE JUDGE

*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).